**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **UNITED STATES OF AMERICA**,<br><br>Plaintiff,<br><br>v.<br><br>**HIRERIGHT SOLUTIONS, INC.**<br><br>Defendant. | )<br>)<br>)<br>)<br>)  Civil Action No. 12-1313<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT FOR CIVIL PENALTIES,
PERMANENT INJUNCTION, AND OTHER EQUITABLE RELIEF**

Plaintiff, the United States of America, acting upon notification and authorization to the Attorney General by the Federal Trade Commission ("FTC" or "Commission"), for its Complaint, alleges:

1. Plaintiff brings this action under sections 5(a), 13(b), and 16(a) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 45(a), 53(b), and 56(a); and section 621(a) of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s(a), to obtain monetary civil penalties, and injunctive or other relief from Defendant HireRight Solutions, Inc. for engaging in violations of the FTC Act, 15 U.S.C. § 45(a), and the FCRA, 15 U.S.C. §§ 1681 – 1681x.

JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this matter under 28 U.S.C. §§ 1331, 1337(a), 1345, and 1355, and under 15 U.S.C. §§ 45(a), 53(b), 56(a), and 1681s.

3. Venue is proper in this district under 28 U.S.C. §§ 1391(b)-(c) and 1395(a), and 15 U.S.C. § 53(b).

## PLAINTIFF

4. This action is brought by the United States of America on behalf of the Federal Trade Commission. The Commission is an independent agency of the United States government given statutory authority and responsibility by, *inter alia*, the FTC Act, *as amended*, 15 U.S.C. §§ 41-58, and the FCRA, 15 U.S.C. §§ 1681-1681x. The Commission is charged, *inter alia*, with enforcing section 5(a) of the FTC Act, 15 U.S.C. § 45(a), which prohibits unfair and deceptive acts or practices in or affecting commerce; and the FCRA, which imposes duties upon consumer reporting agencies.

## DEFENDANT

5. Defendant HireRight Solutions, Inc. ("HireRight Solutions" or "Defendant") is an Oklahoma corporation with its principal place of business in Tulsa, Oklahoma. Defendant transacts or has transacted business in this district.

## THE FAIR CREDIT REPORTING ACT

6. The FCRA was enacted in 1970, became effective on April 25, 1971, and has been in force since that date. The Fair and Accurate Credit Transactions Act amended the FCRA in December 2003.

7. Section 621 of the FCRA, 15 U.S.C. § 1681s, authorizes the Commission to use all of its functions and powers under the FTC Act to enforce compliance with the FCRA by all persons subject thereto except to the extent that enforcement specifically is committed to some

other governmental agency, irrespective of whether the person is engaged in commerce or meets any other jurisdictional tests set forth by the FTC Act.

8.  HireRight Solutions, formerly known as USIS Commercial Services, Inc. is now and has been a "consumer reporting agency," as defined in section 603(f) of the FCRA, 15 U.S.C. § 1681a(f). That section defines a consumer reporting agency as:

> any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

HireRight Solutions regularly sells in interstate commerce information on consumers that it assembles for the purpose of furnishing consumer reports to third parties, as described further below.

9.  The FCRA imposes several obligations on consumer reporting agencies, including obligations to take reasonable steps to ensure the maximum possible accuracy of consumer reports, to provide consumers with access to their reports, and to implement procedures for consumers to dispute inaccurate information in their reports. These obligations are described in more detail below.

### DEFENDANT'S BUSINESS PRACTICES

10.  HireRight Solutions provides background reports to thousands of employers throughout the United States about prospective and current employees, in order to assist the employers in making decisions about hiring and other employment-related issues ("background screening reports"). These reports contain public record information, including criminal histories of individuals, from multiple sources.

11. The background screening reports that HireRight Solutions provides to employers are "consumer reports" as defined in section 603(d) of the FCRA, 15 U.S.C. § 1681a(d). That section defines a "consumer report" as:

> any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for (A) credit or insurance to be used primarily for personal, family, or household purposes; (B) employment purposes; or (C) any other purpose authorized under section 604.

HireRight Solutions' reports are communicated to third parties; bear on, among other things, consumers' general reputation and personal characteristics; and are used as a factor in determining eligibility for employment.

## ACCURACY

12. Section 607(b) of the FCRA, 15 U.S.C. § 1681e(b), requires all consumer reporting agencies to follow reasonable procedures to assure maximum possible accuracy of consumer report information.

13. In numerous instances, Defendant failed to follow reasonable procedures to assure maximum possible accuracy. Among other things, Defendant:

    (1) failed to follow reasonable procedures to assure that the information contained in consumer reports it furnished reflected the current public record status of consumers' information, such as expungement of a criminal record;

    (2) failed to follow reasonable procedures to prevent the inclusion of multiple entries for the same criminal offense in the same report; and

  (3) failed to follow reasonable procedures to prevent the provision of obviously erroneous consumer report information to employers, such as purported information on a single consumer that included records of other consumers with different names, dates of birth, or other identifiers that are available in the public record.

  14. In multiple instances, these failures led to the reporting of inaccurate consumer report information regarding prospective employees who were then denied employment or other employment-related benefits.

## ACCESS AND CORRECTION

  15. Under the FCRA, consumer reporting agencies must allow consumers to access their own information and dispute any inaccurate information. In relevant part, the process is as follows: First, consumer reporting agencies must, upon request, clearly and accurately disclose to a consumer who requests his or her file all information in that file at the time of the request. 15 U.S.C. § 1681g(a). Second, within thirty days of receiving a notice that a consumer disputes the completeness or accuracy of information in his or her file, the consumer reporting agency must conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the information from the file. 15 U.S.C. § 1681i(a)(1)(A). Third, the consumer reporting agency must provide written notice to the consumer of the results of the reinvestigation not later than five business days after its completion. 15 U.S.C. § 1681i(a)(6). Defendant did not comply with one or more of these requirements.

16. In numerous instances, Defendant either failed to provide consumers with information in their files or failed to do so upon request. Their systems for fulfilling requests for reports resulted in either delays or the non-fulfillment of the requests. For example, HireRight Solutions, Inc. experienced numerous backlogs for fulfilling consumers' requests because of inadequate staffing or technical problems.

17. In numerous instances, Defendant did not conduct reinvestigations of disputed items in a consumer's file upon receipt of a notice of dispute from the consumer. Defendant required consumers who wished to dispute information in consumer reports to have a copy of the report before Defendant would initiate a reinvestigation. For consumers who did not have their consumer report, Defendant routinely instructed them to request a copy before Defendant would initiate a reinvestigation. This practice often delayed the reinvestigation process and made it more difficult for consumers to initiate that process.

18. In numerous instances, Defendant closed dispute reinvestigations without providing written notice of the results of the reinvestigations to affected consumers.

## SPECIAL OBLIGATIONS ON BACKGROUND SCREENERS WHO USE PUBLIC RECORD INFORMATION

19. The FCRA contains special requirements for consumer reporting agencies that furnish consumer reports containing public record information for employment purposes, if that information is likely to have an adverse effect upon a consumer's ability to obtain employment. These consumer reporting agencies must either (1) notify the consumer, at the time that such information is reported, of the fact that public record information is being reported, or (2) maintain "strict procedures" designed to ensure the reported public record information is complete and up to date.   15 U.S.C. § 1681k(a).

20. In numerous instances, Defendant neither (1) notified consumers, at the time the information was reported, that they reported public record information to employers, nor (2) maintained "strict procedures" to ensure that the information in the reports was complete and up to date. They had a complex, multi-step process for notifying consumers that public record information was being reported. This process was not initiated until the day that the report was electronically transmitted to the employer and typically took more than one day to complete. As a result, the notices were not mailed to consumers at the time the information was reported to employers. Moreover, as described in Paragraph 13, Defendant did not maintain "strict procedures" to ensure that reported public record information was complete and up to date.

## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

### COUNT I

21. As described in Paragraph 13, in multiple instances, Defendant failed to use reasonable procedures to assure maximum possible accuracy of consumer report information.

22. By and through the acts and practices described in Paragraph 13, Defendant has violated section 607(b) of the FCRA, 15 U.S.C. § 1681e(b).

23. Pursuant to section 621(a)(1) of the FCRA, 15 U.S.C. § 1681s(a)(1), the acts and practices alleged in Paragraph 22 also constitute unfair or deceptive acts or practices in violation of section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

### COUNT II

24. As described in Paragraph 16, in multiple instances, Defendant failed to disclose to consumers, upon request, all information maintained in their consumer report files.

25. By and through the acts and practices described in Paragraph 16, Defendant has

violated section 609(a)(1) of the FCRA, 15 U.S.C. § 1681g(a)(1).

26. Pursuant to section 621(a)(1) of the FCRA, 15 U.S.C. § 1681s(a)(1), the acts and practices alleged in Paragraph 25 also constitute unfair or deceptive acts or practices in violation of section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## COUNT III

27. As described in Paragraph 17, in multiple instances, Defendant failed to conduct reinvestigations of the completeness or accuracy of information contained within a consumer's file upon receipt of a notice of dispute from the consumer.

28. By and through the acts and practices described in Paragraph 17, Defendant has violated section 611(a)(1)(A) of the FCRA, 15 U.S.C. § 1681i(a)(1)(A).

29. Pursuant to section 621(a)(1) of the FCRA, 15 U.S.C. § 1681s(a)(1), the acts and practices alleged in Paragraph 28 also constitute unfair or deceptive acts or practices in violation of section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## COUNT IV

30. As described in Paragraph 18, in multiple instances, Defendant closed dispute reinvestigations without providing written notice of the results of the reinvestigations to affected consumers.

31. By and through the acts and practices described in Paragraph 18, Defendant has violated section 611(a)(6) of the FCRA, 15 U.S.C. § 1681i(a)(6).

32. Pursuant to section 621(a)(1) of the FCRA, 15 U.S.C. § 1681s(a)(1), the acts and practices alleged in Paragraph 31 also constitute unfair or deceptive acts or practices in violation of section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## COUNT V

33. As described in Paragraph 20, in multiple instances, Defendant failed to provide written notice to consumers of the fact that it reported public record information to employers, at the time the information was reported. Defendant also failed to maintain strict procedures to ensure that the public record information in the reports was complete and up to date.

34. By and through the acts and practices described in Paragraph 20, Defendant has violated section 613(a)(1)-(2) of the FCRA, 15 U.S.C. § 1681k(a)(1)-(2).

35. Pursuant to section 621(a)(1) of the FCRA, 15 U.S.C. § 1681s(a)(1), the acts and practices alleged in Paragraph 34 also constitute unfair or deceptive acts or practices in violation of section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## THIS COURT'S POWER TO GRANT RELIEF

36. Section 621(a)(2)(A) of the FCRA, 15 U.S.C. § 1681s(a)(2)(A), authorizes the Court to award monetary civil penalties in the event of a knowing violation of the FCRA, which constitutes a pattern or practice. Defendant's violations of the FCRA, as alleged in this Complaint, have been knowing and have constituted a pattern or practice of violations. As specified by the Federal Civil Penalty Inflation Adjustment Act of 1990, 28 U.S.C. § 2861, as amended by the Debt Collection Improvements Act of 1996, Pub. L. 104-134, § 31001(s)(1), 110 Stat. 1321-373, the Court is authorized to award a penalty of not more than $2,500 per violation for violations occurring before February 10, 2009, and $3,500 per violation for violations occurring on or after that date.

37. Each instance in which Defendant has failed to comply with the FCRA constitutes a separate violation of the FCRA for the purpose of assessing monetary civil penalties under

section 621 of the FCRA, 15 U.S.C. § 1681s.  Plaintiff seeks monetary civil penalties for every separate violation of the FCRA.

38. Under section 621(a) of the FCRA, 15 U.S.C. § 1681(a), and section 13(b) of the FTC Act, 15 U.S.C. § 53(b), this Court is authorized to issue a permanent injunction prohibiting Defendant from violating the FTC Act and the FCRA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court, pursuant to 15 U.S.C. §§ 45(a), 53(b), 1681s, and 1691c, and pursuant to the Court's own equitable powers:

(1) Enter judgment against Defendant and in favor of Plaintiff for each law violation alleged in this Complaint;

(2) Enter an injunction against Defendant to prevent further violations of the FCRA and the FTC Act, as alleged herein;

(3) Award Plaintiff monetary civil penalties from Defendant for each violation of the FCRA as alleged in this Complaint;

(4) Order Defendant to pay the costs of this action; and

(5) Award Plaintiff such additional relief as the Court may deem just and proper.

DATED:  August 8, 2012

| **FOR THE UNITED STATES OF AMERICA:** | **FOR THE FEDERAL TRADE COMMISSION:** |
|---|---|

**FOR THE UNITED STATES OF AMERICA:**

STUART F. DELERY
Acting Assistant Attorney General
Civil Division
United States Department of Justice

MAAME EWUSI-MENSAH FRIMPONG
Deputy Assistant Attorney General
Civil Division

MICHAEL S. BLUME
Director
Consumer Protection Branch

 s/ Alan J. Phelps
ALAN J. PHELPS
Trial Attorney
Consumer Protection Branch
U.S. Department of Justice
PO Box 386
Washington, D.C. 20044
Phone: 202-307-6154
Facsimile: 202-514-8742
E-mail: alan.phelps@usdoj.gov
DC Bar No.: 475938

**FOR THE FEDERAL TRADE COMMISSION:**

MANEESHA MITHAL
Associate Director
Division of Privacy and Identity Protection

ROBERT SCHOSHINSKI
Assistant Director
Division of Privacy and Identity Protection

ANTHONY RODRIGUEZ
Attorney
Division of Privacy and Identity Protection
Federal Trade Commission
601 New Jersey Ave. NW
Mail Stop NJ-8100
Washington, D.C.
Phone: 202-326-2757
Facsimile: 202-326-3062

TIFFANY GEORGE
Attorney
Division of Privacy and Identity Protection
Federal Trade Commission
601 New Jersey Ave. NW
Mail Stop NJ-8100
Washington, D.C.
Phone: 202-326-3040
Facsimile: 202-326-3062