IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> HIRERIGHT SOLUTIONS, INC. <br><br> Defendant. | Civil Action No. 12-1313 |

## STIPULATED FINAL JUDGMENT AND ORDER FOR CIVIL PENALTIES, PERMANENT INJUNCTION, AND OTHER EQUITABLE RELIEF

Plaintiff, the United States of America, acting upon notification and authorization to the Attorney General by the Federal Trade Commission ("FTC" or "Commission"), is concurrently filing its Complaint herein, which alleges that Defendant HireRight Solutions, Inc. has engaged in violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681x, and in unfair or deceptive acts or practices in violation of section 5 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 45(a). Defendant has been represented by the attorney whose name appears hereafter. The parties have agreed to entry of this Stipulated Final Judgment and Order for Civil Penalties, Permanent Injunction, and Other Equitable Relief ("Order") to resolve all matters in dispute in this action without trial or adjudication of any issue of law or fact herein. Defendant has waived service of the Summons and Complaint.

**THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** as follows:

### FINDINGS

1. This Court has jurisdiction over the subject matter of this case and over the Parties.

2. Venue in this district is proper under 28 U.S.C. §§ 1391(b) - (c) and 1395(a), and 15 U.S.C. § 53(b).

3. The Complaint states claims upon which relief may be granted against Defendant under sections 5(a), 13(b), and 16(a) of the Federal Trade Commission Act, 15 U.S.C. §§ 45(a), 53(b), and 56(a); and under sections 607(b), 609(a), 611(a)(1)(A), 611(a)(6), 613(a)(1), and 621 of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681e(b), 1681g(a), 1681i(a)(1)(A), 1681i(a)(6), 1681k(a)(1), and 1681s.

4. Defendant makes no admissions to the allegations in the Complaint, other than the jurisdictional facts.

5. Defendant waives: (a) all rights to seek appellate review or otherwise challenge or contest the validity of this Order; (b) any claims it may have against the Commission, its employees, representatives, or agents that relate to the matter stated herein; (c) all claims under the Equal Access to Justice Act, 28 U.S.C. § 2412, as amended by Pub. L. 104-121, 110 Stat. 847, 863-64 (1996); and (d) any rights to attorneys' fees that may arise under said provision of law.

6. This action and the relief awarded herein are in addition to, and not in lieu of, other remedies as may be provided by law, including both civil and criminal remedies.

7. Entry of this Order is in the public interest.

8. For the purpose of this Order:

   a. "Defendant" shall mean HireRight Solutions and its successors and assigns.

   b. The definitions set forth in the FCRA, 15 U.S.C. § 1681a, *et seq.*, shall apply.

## ORDER

### I. CIVIL PENALTY

**IT IS ORDERED** that:

A. Judgment in the amount of 2.6 million dollars ($2,600,000) is hereby entered against Defendant as a civil penalty for violations of the FCRA pursuant to section 621(a) of the Fair Credit Reporting Act, 15 U.S.C. § 1681s(a).

B. Defendant shall make this payment within seven (7) business days of the date of service of this Order to the Treasurer of the United States by electronic fund transfer in accordance with instructions provided by the Consumer Protection Branch, Civil Division, U.S. Department of Justice, Washington, D.C. 20530, for appropriate disposition.

C. In the event of any default in payment, which default continues for ten (10) days beyond the due date of payment, the entire unpaid penalty, together with interest, as computed pursuant to 28 U.S.C. § 1961, from the date of default to the date of payment, shall immediately become due and payable.

D. Defendant relinquishes all dominion, control, and title to the funds paid to the fullest extent permitted by law. Defendant shall make no claim to or demand return of the funds,

directly or indirectly, through counsel or otherwise.

E. Defendant agrees that the facts as alleged in the Complaint filed in this action shall be taken as true, without further proof, in any subsequent civil litigation filed by or on behalf of the Commission to enforce its rights to any payment or money judgment pursuant to this Order.

## II. PROHIBITED BUSINESS ACTIVITIES

**IT IS FURTHER ORDERED** that Defendant, and all other persons or entities within the scope of Fed. R. Civ. P. 65, whether acting directly or through any sole proprietorship, partnership, limited liability company, corporation, subsidiary, branch, division, device, or other business entity who receive actual notice of this Order by personal service or otherwise, are hereby permanently restrained and enjoined from:

A. Failing to maintain reasonable procedures to assure the maximum possible accuracy of the information concerning the individual about whom a consumer report relates, as required by section 607(b) of the FCRA, 15 U.S.C. § 1681e(b), including but not limited to:

1. failing to follow reasonable procedures to assure that the information contained in consumer reports it furnishes reflects the current public record status of consumers' information, such as expungement of a criminal record;

2. failing to follow reasonable procedures to prevent the inclusion of multiple entries for the same criminal offense in a single report in a manner that would render the report inaccurate in violation of section 607(b) of the FCRA, 15 U.S.C. § 1681e(b); and

        3.      failing to follow reasonable procedures to prevent the provision of obviously erroneous consumer report information to employers, such as purported information on a single consumer that includes records of other consumers with different names, dates of birth, or other identifiers that are available in the public record.

B.      Failing to, upon request, clearly and accurately disclose to a consumer all information in the consumer's file at the time of the request, as required by section 609(a)(1) of the FCRA, 15 U.S.C. § 1681g(a)(1).

C.      Requiring that a consumer who disputes the completeness or accuracy of information in his or her file obtain a copy of his or her consumer report before Defendant will conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the information from the file before the end of the 30-day period beginning on the date on which Defendant receives the notice of dispute from the consumer, in violation of section 611(a)(1)(A) of the FCRA, 15 U.S.C. § 1681i(a)(1)(A).

D.      Failing to provide written notice to the consumer of the results of a reinvestigation not later than five business days after its completion, as required by section 611(a)(6) of the FCRA, 15 U.S.C. § 168li(a)(6).

E.      Failing to notify the consumer, at the time such information is reported to the user of the information, of the fact that public record information is being reported by the consumer reporting agency, together with the name and address of the person to whom such information is reported; or, in the alternative, failing to maintain strict procedures to insure that whenever public

record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported it is complete and up to date, as required by section 613(a)(1)-(2) of the FCRA, 15 U.S.C. § 1681k(a)(1)-(2).

### III. ORDER ACKNOWLEDGMENTS

IT IS FURTHER ORDERED that Defendant obtain acknowledgments of receipt of this Order:

A.  Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.  For 3 years after entry of this Order, Defendant must deliver a copy of this Order to: (1) all of its officers, vice presidents, directors, and managers; (2) all of its employees, agents, and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within 7 days of entry of this Order for current personnel. To all others, delivery must occur before they assume their responsibilities.

C.  From each individual or entity to which Defendant delivered a copy of this Order, Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

### IV. COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that Defendant make timely submissions to the Commission:

A.  One hundred eighty days after entry of this Order, Defendant must submit a compliance report, sworn under penalty of perjury.

1. Defendant must: (a) designate at least one telephone number and an email, physical, and postal address as points of contact, which representatives of the Commission and Plaintiff may use to communicate with Defendant; (b) identify all of Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the products and services offered, and the means of advertising, marketing, and sales; (d) describe in detail whether and how Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

B. For 5 years following entry of this Order, Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

1. Defendant must report any change in: (a) any designated point of contact; or (b) the structure of Defendant or any entity that Defendant has any ownership interest in or directly or indirectly controls that may affect compliance obligations arising under this Order, including creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

C. Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or any similar proceeding by or against Defendant within 14 days of its filing.

D.  Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on:_____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.  Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: FTC v. HireRight Solutions, Inc.

## V. RECORDKEEPING PROVISIONS

IT IS FURTHER ORDERED that Defendant must create certain records for 5 years after entry of the Order, and retain each such record for 5 years. Specifically, Defendant must maintain the following records:

A.  Accounting records showing the revenues from all goods or services sold, all costs incurred in generating those revenues, and the resulting net profit or loss;

B.  Personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name, addresses, and telephone numbers; job title or position; dates of service; and, if applicable, the reason for termination;

C.  Customer files showing the names, addresses, telephone numbers, dollar amounts paid, and the quantity and description of goods or services purchased, to the extent such information is obtained in the ordinary course of business;

D.  Complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

E.  Copies of all training materials and written policies and procedures that relate to Defendant's activities as alleged in the Complaint or Defendant's compliance with the provisions of this Order; and

F.  All records and documents necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission.

## VI.  COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring Defendant's compliance with this Order, including any failure to transfer any assets as required by this Order:

A.  Within 14 days of receipt of a written request from a representative of the Commission or Plaintiff, Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents, for inspection and copying. The Commission and Plaintiff are also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69, provided that, Defendant, after attempting to resolve a dispute without court action and for good cause shown, may file a motion with this Court seeking an order including one or more of the protections set forth in Rule 26 (c).

B.  For matters concerning this Order, the Commission and Plaintiff are authorized to communicate directly with Defendant. Defendant must permit representatives of the Commission and Plaintiff to interview any employee or other person affiliated with Defendant

who has agreed to such an interview. The person interviewed may have counsel present.

C. The Commission and Plaintiff may use all other lawful means, including posing, through its representatives, as consumers, suppliers, or other individuals or entities, to Defendant or any individual or entity affiliated with Defendant, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

## VII. RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

## VIII. COSTS AND ATTORNEYS' FEES

**IT IS FURTHER ORDERED** that each party shall bear its own costs and attorneys' fees incurred in connection with this action.

The parties hereby stipulate to the entry of the foregoing Order, which shall constitute a final Order in this action.

**IT IS SO ORDERED:**

Dated this 28th day of August, 2012

_____
UNITED STATES DISTRICT JUDGE

| FOR THE UNITED STATES OF AMERICA: | FOR THE FEDERAL TRADE COMMISSION: |
|---|---|
| STUART F. DELERY<br>Acting Assistant Attorney General<br>Civil Division<br>United States Department of Justice | MANEESHA MITHAL<br>Associate Director<br>Division of Privacy and Identity Protection |
| MAAME EWUSI-MENSAH FRIMPONG<br>Acting Deputy Assistant Attorney General<br>Civil Division | ROBERT SCHOSHINSKI<br>Assistant Director<br>Division of Privacy and Identity Protection |
| MICHAEL S. BLUME<br>Director<br>Consumer Protection Branch | ANTHONY RODRIGUEZ<br>Attorney<br>Division of Privacy and Identity Protection<br>Federal Trade Commission<br>601 New Jersey Ave. NW<br>Mail Stop NJ-8100<br>Washington, D.C.<br>Phone: 202-326-2757<br>Facsimile: 202-326-3062 |
| /s/ Alan Phelps<br>ALAN PHELPS<br>Trial Attorney<br>Consumer Protection Branch<br>U.S. Department of Justice<br>PO Box 386<br>Washington, D.C. 20044<br>Phone: 202-307-6154<br>alan.phelps@usdoj.gov | TIFFANY GEORGE<br>Attorney<br>Division of Privacy and Identity Protection<br>Federal Trade Commission<br>601 New Jersey Ave. NW<br>Mail Stop NJ-8100<br>Washington, D.C.<br>Phone: 202-326-3040<br>Facsimile: 202-326-3062 |

FOR THE FEDERAL TRADE COMMISSION:

_____
MANEESHA MITHAL
Associate Director
Division of Privacy and Identity Protection

_____
ROBERT SCHOSHINSKI
Assistant Director
Division of Privacy and Identity Protection

_____
ANTHONY RODRIGUEZ
Attorney
Division of Privacy and Identity Protection
Federal Trade Commission
601 New Jersey Avenue, NW
Mail Stop NJ-8100
Washington D.C. 20001
Tel:   (202) 326-2757
Fax:   (202) 326-3062


_____
TIFFANY GEORGE
Attorney
Division of Privacy and Identity Protection
Federal Trade Commission
601 New Jersey Avenue, NW
Mail Stop NJ-8100
Washington D.C. 20001
Tel:   (202) 326-3040
Fax:   (202) 326-3062

FOR THE DEFENDANT:

*[signature]*
MICHAEL PETRULLO
President and Chief Executive Officer
HireRight Solutions, Inc.

*[signature]*
LYDIA PARNES
Attorney
Wilson Sonsini Goodrich & Rosati
1700 K Street, NW, Fifth Floor
Washington, DC 20006
Counsel for Defendant